IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM ANDREWS, TDCJ No. 2402581, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-871-S-BN |
| ROBERT JOHNSON, ET AL., | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| WILLIAM ANDREWS, TDCJ No. 2402581, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-1073-E-BN |
| ROBERT JOHNSON, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Williams Andrews, now a Texas prisoner, filed a *pro se* civil rights

complaint under 42 U.S.C. § 1983, alleging that three City of Corsicana police officers

(including the police chief) used unconstitutionally excessive force against him on

June 8, 2020. *See* No. 3:23-cv-871-S-BN (*Andrews I*), Dkt. No. 3. The Court granted

Andrews leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform

Act (the PLRA). *See Andrews I*, Dkt. Nos. 4, 5. Andrews then filed a second action in

this district against the same defendants, asserting the same claims, based on the

same incident, and again moved for leave to proceed IFP. *See* No. 3:23-cv-1073-E-BN (*Andrews II*), Dkt. Nos. 3, 4.

Both *Andrews I* and *Andrews II* have now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and standing orders of reference from the presiding United States district judges.

Where a plaintiff who is imprisoned or detained pending trial seeks relief from a governmental entity or employee, a district court must, on initial screening under the PLRA, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the Court enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss each lawsuit with prejudice as time barred.

### Applicable Background

Andrews is imprisoned following his conviction for evading arrest with a motor vehicle, an offense that occurred on June 8, 2020. *See State v. Andrews*, C40662-CR (Cnty. Ct at Law, Navarro Cnty., Tex. July 15, 2022). And his direct appeal of this conviction and its 37-year sentence is pending. *See Andrews v. State*, No. 10-22-00239-CR (Tex. App. – Waco).

Andrews alleges that, on June 8, "excessive force was used by three city police"; that his "vehicle was rammed by an unmarked police car" and "was totaled," while he

"suffered a major concussion leaving [him] semi-conscious." *Andrews I*, Dkt. No. 3 at 4. According to Andrews, two officers "approached [his] vehicle after impact, with weapons drawn." *Id.* Andrews alleges that, while he was "[s]till dazed and incoherent from impact, Sgt. Daniel McAninch struck [him] twice in the head with the end of his loaded M-4 assault rifle, causing deep lacerations and profuse bleeding." *Id.*

Andrews alleges that he "was not assaultive or aggressive but dazed" "from multiple head trauma." *Id.* at 4, 6. He "was then handcuffed," and "Police Chief Robert Johnson stepped up to drivers side window, reached in and chocked [Andrews's] neck until [he] was fully unconscious." *Id.* at 6. "Still cuffed, [Andrews] was pulled out of passenger side, [his] body [half] in and [half] out of vehicle as Detective Jacob Palos impeded [Andrews's] breath, breaking [his] ribs and excessive force from his knee, jammed into [Andrews's] left side." *Id.*

## Discussion

How related Andrews's excessive force allegations are to his underlying evading arrest conviction controls the disposition of his civil claims.

If they are so related that "success on [those] claims would necessarily implicate the validity of his conviction or confinement," *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (footnote omitted), the civil claims are subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), *see Colvin*, 2 F.4th at 497 ("[A] state prisoner seeking monetary damages cannot proceed under § 1983 if success on those claims would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" (quoting *Heck*, 512 U.S. at 486-87)); *Bush v. Strain*, 513

F.3d 492, 497 (5th Cir. 2008) ("It is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."'" (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87))).

"A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted). "That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (quoting *Colvin*, 2 F.4th at 498). Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

But, if Andrews's claims are subject to the rule in *Heck*, they also have yet to accrue and cannot be time barred. *See Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 4395280, at *13 (N.D. Tex. July 13, 2021) ("Courts often refer to a

claim subject to this rule as being *Heck* barred. But, more accurately, a claim subject to the rule in *Heck* has yet to accrue." (citing *Colvin*, 2 F.4th at 498-99; *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam))), *rec. accepted*, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021), *aff'd*, 2023 WL 117826 (5th Cir. Jan. 5, 2023).

And, if the Court were to conclude that *Heck* applies, because Andrews's conviction is on appeal and therefore not final, *see Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014) ("[I]n the context of convictions on appeal, we have repeatedly held that a judgment of conviction is not final while the conviction is on appeal." (citing *Milburn v. State*, 201 S.W.3d 749, 752 (Tex. Crim. App. 2006))), a dismissal under *Heck* would be "premature, and the court should [instead] stay[ Andrews's] § 1983 lawsuit until his pending criminal case [is] resolved," *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (per curiam); *see also Livingston v. Texas*, No. 6:21-CV-7, 2021 WL 4777500, at *5 (S.D. Tex. Mar. 24, 2021) ("[T]o the extent a plaintiff's allegations concern pending criminal charges, a dismissal under Heck is premature and, therefore, erroneous. Instead, the district court should stay the § 1983 proceedings until the state criminal proceeding has run its course." (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 F. App'x 613 (5th Cir. 2005) (per curiam))), *rec. accepted*, 2021 WL 4776748 (S.D. Tex. Oct. 12, 2021).

## I.    Andrews's Section 1983 claims are not subject to the rule in *Heck*.

"Although the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring [a court] to focus on whether success on the excessive force claim requires

negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush*, 513 F.3d at 497 (footnote omitted). "In other words, if the conviction and successful § 1983 claim can co-exist, *Heck* is no bar to suit." *Williams v. McDonough*, No. 22-40281, 2023 WL 2733443, at *2 (5th Cir. Mar. 31, 2023) (per curiam) (citing *Poole v. City of Shreveport*, 13 F.4th 420, 426-27 (5th Cir. 2021)).

Starting with the offense of conviction, a person evades arrest or detention in Texas "if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him." TEX. PENAL CODE § 38.04(a). Andrews does not allege that he was not fleeing from law enforcement. Instead, his excessive force claims begin with an allegation that a police car rammed into his and continue to allegations that excessive force was used after the car crash, while he was semi- or unconscious, and after he was handcuffed.

These allegations are therefore like those at issue in *Bazan v. Whitfield*, where

> Bazan allege[d] that Defendant Whitfield used force excessive to the need when Defendant Whitfield attempted to pull Bazan over on September 6, 2014, for a traffic violation. Specifically, Bazan alleges that Defendant Whitfield ran him over with his police cruiser as he exited his vehicle during the attempted traffic stop. Bazan claims that as a result of the incident, he suffered bruised legs that were "rubbed raw to the white meat," road rash on his side and right arm, and had "an extremely bad limp" when he tried to walk. Following the incident, Bazan pled guilty under Texas Penal Code § 38.04 to evading arrest or detention."

No. 5:15-cv-185-BQ, 2017 WL 568863, at *4 (N.D. Tex. Jan. 13, 2017), *rec. adopted*, 2017 WL 564673 (N.D. Tex. Feb. 10, 2017), *aff'd*, 754 F. App'x 280 (5th Cir.), *cert. denied*, 140 S. Ct. 125 (2019).

There, the court concluded that the excessive force claim under Section 1983 was not barred by *Heck*:

> Bazan's allegation that Defendant Whitfield's action amounted to excessive force is not necessarily inconsistent with his conviction for evading arrest or detention. It is possible for Defendant Whitfield to have attempted to lawfully detain Bazan as he fled, but for Defendant Whitfield to have used force grossly disproportionate to the need during that attempted lawful detention. Stated differently, a finding that Defendant Whitfield's use of force was grossly disproportionate to the need would not necessarily undermine or invalidate Bazan's conviction for evading arrest.

*Id.* (footnote and citation omitted).

This conclusion applies equally to the facts that Andrews alleges and provides a basis to not apply *Heck* to his allegations, particularly the initial contact by the police car, to the extent that contact is a basis to allege excessive force.

Another reason further supports that *Heck* does not apply to the subsequent use of force allegations: those alleged uses of force are 'temporally and conceptually distinct' from the conviction." *Lee v. Ard*, 785 F. App'x 247, 248 (5th Cir. 2019) (per curiam) (quoting *Bush*, 513 F.3d at 498); *see, e.g., Aucoin v. Cupil*, 958 F.3d 379, 381 (5th Cir. 2020) ("[A]n inmate cannot bring a § 1983 claim for excessive use of force by a prison guard, if the inmate has already been found guilty for misconduct that justified that use of force. But *Heck* does not bar a § 1983 claim for a prison guard's excessive use of force after the inmate has submitted and ceased engaging in the alleged misconduct." (citation omitted)).

Where "an excessive-force claim that describes 'a single violent encounter' in which the plaintiff insists he was an innocent party would undermine the claimant's resisting-arrest conviction, *Heck* applies and bars the claim." *Lee*, 785 F. App'x at 248

(citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007)). But such a claim is not barred by *Heck* "if it is 'temporally and conceptually distinct' from the conviction. [For example, a] claim that excessive force occurred after the arrestee submitted to the officer and stopped resisting 'would not necessarily imply the invalidity of a conviction for the earlier resistance.'" *Id.* (quoting *Bush*, 513 F.3d at 498); *see, e.g.*, *Hall v. Abilene's Task Force*, 681 F. App'x 422, 423 (5th Cir. 2017) (per curiam) ("Like the plaintiff in *DeLeon*, Hall continues to maintain his innocence but has not alleged that his evading arrest conviction has been reversed or invalidated in any manner. Moreover, he does not assert that the officers' use of force was temporally or conceptually distinct from his offense of conviction. To the contrary, he alleges a continuous series of events that culminated in his arrest and a contemporaneous beating. Thus, his excessive force claims are barred by *Heck* and subject to dismissal with prejudice until his conviction has been reversed or invalidated." (citing *DeLeon*, 488 F.3d at 656-57)); *Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 316-17 (5th Cir. 2021) (per curiam) ("In *Bush*, we held that *Heck* did not bar a plaintiff convicted of resisting arrest from bringing an excessive-force claim arising from the same conduct where the officer's use of force allegedly continued after the plaintiff was handcuffed and had ceased resisting. [513 F.3d] at 498-500. Here, the amended complaint acknowledges that Welsh 'resisted' Salazar's and others' efforts to place him in an isolation cell. But, fairly read, the complaint alleges that Vanier's use of excessive force occurred only later – after Welsh had been subdued, shackled, and transported to the isolation cell. As in *Bush*, success on

Welsh's excessive-force claim would not necessarily imply the invalidity of his assault conviction." (citation omitted)); *Crawford v. Pitts*, No. 4:20-cv-1119-O, 2022 WL 479959, at *9 (N.D. Tex. Feb. 16, 2022) ("Analysis of Crawford's pleadings and the public record documents he references therein show that his excessive force claims against the defendants are not 'temporally and conceptually' inseparable from his convictions for evading arrest/detention and assault on a public servant. Crawford's detention occurred in a continuous sequence (and not in divisible or discrete stages), and Crawford has not alleged that any defendant used excessive force after he was restrained and compliant. Therefore, the Court must dismiss all Crawford's excessive force claims against all defendants under *Heck*'s bar." (citations omitted)).

## II.    The Court should dismiss Andrews's Section 1983 claims because they are facially time barred.

While the Section 1983 claims' separability from the evading arrest conviction save them from *Heck*'s bar, this separability also means that those claims accrued in June 2020 and are therefore time barred.

Claims for violations of the Constitution brought under Section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam). But courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

And "[f]ederal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff

can file suit and obtain relief." *Id.* (cleaned up; quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In sum, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (citation omitted).

For Andrews, that was in June 2020.

And his criminal prosecution did not delay the accrual of the claims under Section 1983 that he waited until April 2023 to file. For example, "false arrest [is] a Fourth Amendment claim that may be made (and is commonly made) prior to the conclusion of criminal proceedings." *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2020 WL 5542333, at *2 (N.D. Tex. Sept. 15, 2020) (citing *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 392 (5th Cir. 2020) ("In *Wallace*, the Supreme Court rejected the argument that, because of *Heck*, accrual [of a Section 1983 claim for false arrest] could not occur until there was a favorable termination of criminal charges, reasoning that 'the impracticality of' a 'rule' that 'an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside ... should be obvious.'" (emphasis omitted)), *modified*, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021), *aff'd*, 2023 WL 117826 (5th Cir. Jan. 5, 2023).

That claims are subject to dismissal based on a statute of limitations is typically an affirmative defense.

But Andrews filed each lawsuit IFP, subjecting the complaint to judicial screening under 28 U.S.C. § 1915(e). And, if "'it is clear from the face of [such] a

complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

That is the case here. The face of each complaint makes it clear that the claims are time barred.

Nonetheless, "a litigant is entitled to equitable tolling of a statute of limitations" "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the

federal courts.'" So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.' Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Relatedly, Andrews does allege that "[t]here were no 'Use of Force' reports in my discovery for trial until exactly 2 years and 2 days after incident, and only by documented request from my trial lawyer did the Police Dept. then fax to the D.A.'s office two questionable, 'Use of force' reports that did not match each other or what video shows" and that his first lawyer "withheld the video from my viewing for 14 months as I sat in jail, though I requested repeatedly to see footage of arrest. I finally viewed video on about 8-18-2021, after he withdrew." *Andrews I*, Dkt. No. 3 at 6.

First, these allegations provide no basis to defer the accrual of Andrews's civil claims, as Andrews, for instance, alleges physical injuries occurring on the date of his arrest. *Cf. Brown v. Walraven*, 9 F.3d 1546, 1993 WL 503349, at *2-*3 (5th Cir. Nov. 17, 1993) (per curiam) ("Brown argues on appeal ... that he was not aware of his cause of action at the time of his arrest because he did not know at that time that the

defendants were acting without jurisdiction or authorization. He contends that he did not have knowledge of any wrongful acts by the defendants until the date of his criminal trial, when testimony revealed their tainted authorization. This argument fails. Brown knew that he was injured when he was arrested and prosecuted, and the statute of limitations began to run in 1988." (citing *Longoria v. City of Bay City, Tex.*, 779 F.2d 1136, 1139 (5th Cir. 1986))).

And these allegations fail to show either that Andrews pursued his rights diligently (that is, even if he needed to view the video to discover the excessiveness of the force used on June 8, 2020, he still did not file this lawsuit until some 20 months after viewing the video) or that some extraordinary circumstance stood in his way and prevented timely filing (for example, neither the video nor the use of force reports, even if they are evidence in support of, were needed to allege Andrews's claims).

For these reasons, the Court should dismiss Andrews's claims with prejudice.

But the time to file objections to this recommendation (further explained below) allows him an opportunity to show the Court that his claims should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend them. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may

deny leave." (citations omitted)).

## Recommendation

The Court should dismiss each case with prejudice under 28 U.S.C. § 1915A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 22, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE